| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF NEW YORK | USDC SDNY<br>DOCUMENT<br>ELECTRONICALLY FILED<br>DOC #:_____<br>DATE FILED: 09/03/2020 |

MELISSA SOMOSKY,

                Plaintiff,

-against-

CONSUMER DATA INDUSTRY ASSOCIATION,

                Defendant.

1:20-cv-04387-MKV

ORDER

MARY KAY VYSKOCIL, United States District Judge:

      Plaintiff filed the Complaint in this action on June 11, 2020, alleging a violation of Section 2 of the Sherman Act, 15 U.S.C. § 2, after student loans that had been discharged in bankruptcy appeared on her credit report [ECF No. 2]. On August 24, 2020, Defendant, a trade association that promulgates credit reporting guidelines, filed a letter seeking leave to move to dismiss the Complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) [ECF No. 11]. Defendant's letter raises four arguments: (1) furnishing credit reporting guidelines is not the proper subject of an antitrust challenge, (2) Plaintiff does not have antitrust standing, (3) Plaintiff has not defined a plausible relevant market, and (4) Plaintiff has not pled exclusionary conduct. Plaintiff filed a letter on August 28, 2020, responding to Defendant's arguments and requesting leave to amend the Complaint to address more directly the points raised in Defendant's letter [ECF No. 12]. Plaintiff did not indicate whether Defendant consents to her amending the Complaint.

      Plaintiff's request to amend the Complaint is hereby GRANTED. Federal Rule of Civil Procedure 15 provides,

> A party may amend its pleading once as a matter of course within 21 days after serving it, or if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after

service of a motion under Rule 12(b), (e), or (f), whichever is earlier.  In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave.  The court should freely give leave when justice so requires.

Fed. R. Civ. P. 15(a).  "[T]he decision whether to grant leave to amend is within the discretion of the district court . . . ."  *Oliver Schools, Inc. v. Foley*, 930 F.2d 248, 253 (2d Cir. 1991) (citation omitted).  Leave to amend should be freely given absent "undue delay, bad faith or dilatory motive on the part of the movant, . . . undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment."  *Foman v. Davis*, 371 U.S. 178, 182 (1962).

Because twenty-one days has passed since Plaintiff filed the Complaint, Defendant has not yet filed a responsive pleading or 12(b) motion, and Defendant has not given written consent, leave of the Court is required for Plaintiff to amend the Complaint.  *See* Fed. R. Civ. P. 15(a).  Considering the *Foman* factors, the Court finds that, at this early stage in the case, leave to amend is appropriate.  Further, it is in the interest of judicial economy for Plaintiff to amend now rather than in response to Defendant's 12(b)(6) motion.  *See id.* 15(a)(1)(A); *In re "Agent Orange" Prod. Liab. Litig.*, 220 F.R.D. 22, 25 (E.D.N.Y. 2004) (considering "impact of granting leave on judicial economy").

Plaintiff shall file her amended complaint on or before September 17, 2020.

**SO ORDERED.**

Date:  September 3, 2020
       New York, NY

_____
**MARY KAY VYSKOCIL**
**United States District Judge**