

```
                                                    ┌─────────────────────────────┐
                                                    │ USDC SDNY                   │
                                                    │ DOCUMENT                    │
                                                    │ ELECTRONICALLY FILED        │
                                                    │ DOC #:_____       │
                                                    │ DATE FILED: 09/30/2020      │
                                                    └─────────────────────────────┘
```

Hon. Mary Kay Vyskocil
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

September 22, 2020

Re: Somosky v. The Consumer Data Industry Association, No. 20-cv-4387

Dear Judge Vyskocil:

Plaintiff respectfully requests that the Court consent to the late-filed amended complaint (Dkt.15-16). As per Your Honor's order dated September 3, 2020, the amended complaint from Plaintiff was due on September 17, 2020 but was filed at 3:05 am on September 18, 2020; the deadline was missed by approximately 3 hours. Plaintiff's counsel has not requested any previous extensions and Defendant has stated it does not intend to oppose the motion. The docketed deficiency notice dated Sept. 21, 2020 states that Plaintiff's counsel should file this Court's leave—if it is obtained-- as an exhibit to the amended complaint on file.

Federal Rule of Civil Procedure 6(b)

Upon motion made, Rule 6(b)(1)(B) [1] permits a post-deadline filing extension "for good cause," if the party failed to act because of "excusable neglect." *Pioneer Investment Services Co. v. Brunswick Associates, Ltd, Partnership*, 507 U.S. 380, 395 (1992) ("excusable neglect" permits 20-day late filing of creditor's claim under Bankruptcy Rule 9006(b)(1)); *Shumsker v. Citigroup Glob. Markets Inc.*, 569 F. App'x 16, 18 (2d Cir. 2014). Excusable neglect requires "a demonstration of good faith . . .and some reasonable basis for noncompliance within the specified period of time." *Kimberg v. Univ. of Scranton*, 411 Fed. Appox. 473, 477 (3rd Cir. 2010) (quoting *Petrocelli v. Bohringer & Ratzinger*, 46 F.3d 1298, 1312 (3rd Cir. 1995).

Excusable Neglect Under Rule 6(b)

Negligence of counsel, including inadvertent delay resulting in an untimely filing of a court document, generally constitutes "excusable neglect" under Rule 6(b). *Pioneer* at 395. "Excusable neglect" under Rule 6(b) is an equitable doctrine, and while relief is discretionary with the district court, it is an "elastic concept" that courts of appeal have generally held extends to inadvertent delay. *Id*. at 392.

In *Pioneer*, the Supreme Court enumerated four factors to use as guidance as to what constitutes "excusable neglect" under Rule 6(b): (1) whether the delay in filing was within the

---

[1] Federal Rule of Civil Procedure 6(b)(1) provides: "(1) In General. When an act may or must be done within a specified time, the court may, for good cause, extend the time: (A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires, or (B) on motion made after the time has expired if the party failed to act because of excusable neglect."

SMITH LAW GROUP LLP.
99 WALL STREET | NO. 426
NEW YORK | NY | 10005

reasonable control of the movant; (2) the length of the delay and the delay's potential impact on judicial proceedings; (3) the danger of prejudice to the non-moving party; and (4) whether the movant acted in good faith.[2] *Id*. at 395. The standard is one of discretion. *William v. City of New York*, 727 F. App'x 30, 32 (2d Cir. 2018). The first factor—the reason for the delay—predominates solely in cases where the non-moving party made an objection to the validity of the explanation given for the delay. *Silivanch v. Celebrity Cruises, Inc.*, 333 F.3d 355, 366 (2d Cir.2003).

First, after losing his associate in June, Plaintiff's counsel has only recently retained new associates to assist with the firm's docket, which includes five *pro bono* circuit appeals. In an attempt to coordinate remotely with new colleagues, counsel began using the OneDrive application. Specifically, after merging two competing versions of the complaint into a new Word document, counsel then finished researching the issues and rewrote the text when Word crashed at 5:30 pm (or else Adobe crashed which shut down Word) and in his haste to recover the unsaved document, counsel corrupted the text;[3] Plaintiff's counsel then redrafted the amended complaint from memory. *See* Appendix B (containing screenshots of document history, and diagnostics report). This technical difficulty led to the 3-hour delay in filing the Amended Complaint. Courts have found excusable neglect when counsel has suffered technical difficulties. *See e.g.*, *Dugas v. 3M Co.*, No. 3:14-CV-1096-J-39JBT, 2015 WL 3938777, at *2 (M.D. Fla. June 26, 2015) (concluding that excusable neglect occurred due to technical issues with the CM/ECF system); *Pascuzzo v. Aetna, Inc.*, No. 00-CV-2464, 2004 WL 234373, at *3 (E.D. Pa. Jan. 29, 2004) (concluding that excusable neglect occurred due to technical issues implementing fax and voicemail system in counsel's office). Cases in which courts have found technical difficulties do not constitute excusable neglect mainly deal with failures to monitor the electronic dockets. *See e.g.*, *Yeschick v. Mineta*, 675 F.3d 622, 629 (6th Cir. 2012) ("Now that electronic dockets are widely available, the burden imposed by this affirmative duty [to monitor the docket] is minimal."). Second, the length of the delay of 3 hours is unlikely to have caused any prejudicial impact on the judicial proceedings. Courts have allowed longer delays for less specific reasons. *See Bateman v. Postal Service*, 231 F.3d 1220, 1225 (9th Cir. 2000) (holding that a late filing was excusable neglect, when an attorney needed a month to recover from jet lag and catch-up on his e-mail after a trip abroad). Third, the short delay is unlikely to prejudice the Defendant as the delay occurred during middle of the night and Defendant has stated it does not oppose this motion. Fourth, Plaintiff acted in good faith by filing the Amended Complaint as soon as possible and by filing this letter motion on September 22, 2020, the day after receipt of the notice of a filing deficiency. Plaintiff has not previously asked for an extension in this matter, and Plaintiff previously acquiesced to a request for an extension by Defendant. *Cf. Bach v. McGinty*, No. CIV.A. 12-5853 MAS, 2015 WL 1383945, at *3 (D.N.J. Mar. 25, 2015) (denying extension because, in part, of "counsel's continued lateness in the face of successive extensions").

---

[2] "Pioneer's more liberal definition of excusable neglect is applicable beyond the bankruptcy context where it arose." *Canfield v. Van Atta Buick*, 127 F.3d 248, 250 (2d Cir.1997) (per curiam) (internal quotation marks and citation omitted).

[3] After receipt of the deficiency notice the following Monday, counsel followed instructions to obtain the diagnostic report by rebooting Word, which generated the lost work product into an unreadable "~$" format.

SLG

Good Cause

Good cause is not a rigorous or high standard under Rule 6(b), and courts have construed it broadly. *Ahanchion v. Kenan Pictures*, 624 F.3d 1253 (9th Cir. 2010). It imposes a "light burden." Moore's Federal Practice § 6.06 [2] p. 6-32. Matthew Bender 3rd ed. 2013.  In applying the *Pioneer* analysis, courts have found that inadvertent calendaring mistakes, while they may be negligent, constitute "good cause" under Rule 6(b) to entitle relief for late filings. *Pincay v. Andrews*, 389 F.3d 860 (9th Cir. 2004) (en banc).

Federal Cases Should be Decided on the Merits

The Federal Rules of Civil Procedure serve "to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. Rule 6(b), like all the Federal Rules of Civil Procedure, should be liberally construed to effectuate the general purpose of seeing that cases are tried on the merits. *Wong v. Regents of the Univ. of Calif.*, 410 F.3d 1052, 1060 (9th Cir. 2005) ("Of course, courts should not mindlessly enforce deadlines."). See also *Brien v. Kullman Industries, Inc.*, 71 F.3d 1073, 1077 (2nd Cir. 1995) (stating a preference for trial on the merits). Litigation in the federal civil procedure system should be decided on the merits and not on technicalities. *Rodriguez v. Village Green Realty, LLC*, 788 F.3d 31, 47 (2nd Cir. 2015) (noting that there is a strong preference for resolving disputes on the merits).

Accordingly, Plaintiff's counsel respectfully requests this Court grant the motion to accept the late-filed amended complaint.

Sincerely,

*/s Austin C. Smith*

---

Plaintiff's letter provides that Defendant had stated that it did not intend to oppose Plaintiff's motion.  The deadline for Defendant to file an opposition to this motion has since passed.

IT IS HEREBY ORDERED that Plaintiff is granted leave to file the amended complaint despite its lateness.

SO ORDERED.

Date: 09/30/2020
New York, New York

Mary Kay Vyskocil
United States District Judge

---

SMITH LAW GROUP LLP.
99 WALL STREET | NO. 426
NEW YORK | NY | 10005